TRUSTEES OF SCHOOLS OF TOWNSHIP 16 NORTH, 10 EAST, Plaintiffs in Error, *v.* WILLIAM O. CHAMBERLAIN et al., Defendants in Error.

### ERROR TO BUREAU.

The act of limitation of actions of the 10th of February, 1849, has a prospective operation only; and that part of said act which limited the bringing suit to two years, upon all causes of action existing five years before its passage, was repealed by the second section of the act of the 17th of February, 1851. Therefore a plea, setting up the statute of limitations to an action commenced within five years from the passage of the act of 1849, though upon a cause of action existing five years before the passage of said act, is bad.

THIS was an action of debt brought by the defendants in error against the plaintiffs in error, in the Bureau Circuit Court, LELAND, Judge, and tried at the March term, 1853, before a jury, when a verdict was found for the plaintiffs below, and judgment entered thereon. The defendants below sued out a writ of error. The defendants filed below the pleas of *nil debet* and statutes of limitation; the last plea was demurred to by the plaintiffs, and sustained by the court below.

M. T. PETERS, for plaintiffs in error.

GLOVER and COOK, for defendants in error.

TREAT, C. J. The principal question in the case relates to the sufficiency of the second plea. A bare reference to some statutory provisions will settle it. Prior to the passage of the act of the 10th of February, 1849, which went into effect on the 13th of April, 1849, there was no limitation to actions of debt upon simple contract. Bedell *v.* Janney, 4 Gilman, 193. That act required such actions to be commenced within five years after the causes of action accrued. The act, however, was intended to have a prospective operation only. Thompson *v.* Alexander, 11 Illinois, 54. The fifth section of the act of the

5th of November, 1849, provided as follows: " No action of debt shall be maintained on any open account or any promise not in writing, unless the same be brought within five years next after the cause of action accrued ; but if said cause of action has accrued five years before the passage of this act, then such action shall not be maintained, unless the suit is brought within two years next after the passage of this act." This provision embraced the present case, and if it still continues in force, the cause of action was fully barred on the 5th of November, 1851. The second section of the act of the 17th of February, 1851, declared, " That all causes of action existing at the time, or which had accrued prior to the 13th of April, 1849, when the first of the above-recited acts became a law, and for the barring of which there was no previous statute, shall be governed by the provisions of that act ; the time limited thereby to commence to run from and after said act became a law." This act clearly repealed so much of the act of the 5th of November, 1849, as required causes of action like the present to be sued on within two years after its passage. It restored the limitation provided by the act of the 10th of February, 1849, and gave a creditor five years from the time the act went into operation, within which to bring his action. The bar was not complete when this suit was commenced, and the plea was consequently bad.

But the judgment must be reversed. The verdict and judgment are in damages only. This is erroneous, as this court has repeatedly held. As the evidence is not preserved in the record, the proper judgment cannot be entered here. We have no means of distinguishing between the debt and damages.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*